■ In the Matter of the Claim of JAMES BOWDRING, Respondent, against SUPERIOR HOUSE AND WINDOW CLEANING et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision of the Workmen's Compensation Board in a second injury case. Claimant's accident and injury gave rise to a third-party action which was settled. From the proceeds the lien of the appellant carrier for compensation and medical benefits paid by it for 104 weeks, and for a considerable period beyond, was satisfied. The net proceeds retained by claimant were the equivalent of compensation, at the rate of the award made, for some 10½ years in future, at the end of which time claimant would become entitled to deficiency compensation. The board has held, in effect, that at that time the carrier will have to resume and continue payments for an additional period of 104 weeks, before liability can be imposed upon respondent Special Disability Fund. The liability of the carrier terminated after compensation for 104 weeks and medical benefits for the same period had been paid (Workmen's Compensation Law, § 15, subd. 8, par. [d]), irrespective of the carrier's subsequent reimbursement from the proceeds of the settlement. (*Matter of Dougherty* v. *Quakenbush Waverly Stage Co.*, 10 A D 2d 125.) Decision reversed and matter remitted to the Workmen's Compensation Board for further proceedings, with costs to appellants against respondent Special Disability Fund. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.